**STATE of Tennessee, Plaintiff-Appellant,**

v.

**James L. MOSS, Defendant-Appellee.**

Supreme Court of Tennessee,
at Jackson.

Jan. 3, 1984.

Gordon W. Smith, Asst. Atty. Gen., Nashville, for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Leslie I. Ballin, Ballin & Ballin, P.C., Memphis, for defendant-appellee.

## OPINION

BROCK, Justice.

The defendant was convicted of the offense of petit larceny and received a sentence of 11 months and 29 days incarceration in the Shelby County Correctional Center. The Court of Criminal Appeals concluded that a fatal variance existed between the allegations of the indictment and the proof at trial respecting the ownership of the money stolen, and, accordingly, reversed the judgment and dismissed the indictment. We granted the State's application for permission to appeal from that judgment.

The indictment charged that the defendant:

"... did unlawfully and feloniously steal, take and carry away the sum of five hundred and eighty and no one hundreds ($580.00) dollars, good and lawful money of the United States, a more particular description of which is to the grand jurors aforesaid unknown all of the value of five hundred eighty and no one hundreds dollars, of the proper goods and chattels of *MATT'S PIZZA, a Business Owned and Operated by Charles W. Oswalt and Robert Furlotte, a Partnership,* with intent feloniously to convert the same to his own use, to deprive the true owner thereof against the peace and dignity of the State of Tennessee." (Emphasis added.)

The State's evidence at trial was to the effect that Jonathan Blane Elledge was an employee of Matt's Pizza located at 2055 Frayser Boulevard in Memphis on February 6, 1981, when he left a bank bag containing $580.00 cash on the seat of his automobile while he went into a restaurant to get supplies. This money belonged to Matt's Pizza and was to constitute a "change fund" for use over the ensuing week end. As Elledge came out of the restaurant and proceeded toward his car he saw the defendant entering a car parked at the rear of his own car. He observed the Matt's Pizza money bag lying on the seat beside the defendant as the defendant drove away. Elledge committed the defendant's vehicle license number to memory and this information led to the arrest of the defendant. The license number was indeed that of the

defendant's car and the witness Elledge also identified the defendant as the thief when shown several photographs by the police.

The proof respecting ownership of the money consists of the testimony of Mr. Elledge as follows:

"Q. All right. By whom were you employed then [February 6, 1981]?

"A. Matt's Pizza, Inc.

"Q. Whom were the owners of Matt's Pizza?

"A. At that time Robert Furlotte and Charles Oswalt.

"Q. Was it a partnership or a corporation?

"A. At that time it was a corporation."

■ It will be noted that both the indictment and the proof state that the money was owned by Robert Furlotte and Charles Oswalt; the variance is that the indictment states that Furlotte and Oswalt operated as a partnership, whereas, the proof states that the same two owners operated their business in corporate form.

To the extent that it can be said that a variance exists between the indictment and the proof respecting the owner of the money stolen, we hold that it was not a material one and amounts to nothing more than harmless error. Some of our cases have followed the early common law rule that very strict conformity was required between the allegations of the indictment and the proof, even in minor and immaterial respects. *Johnson v. State,* 148 Tenn. 196, 253 S.W. 963 (1923); *Chapple v. State,* 124 Tenn. 105, 135 S.W. 321, 323 (1911); *State v. Brooks,* 224 Tenn. 712, 462 S.W.2d 491, 493 (1970); *Martin v. State,* Tenn.Cr.App., 542 S.W.2d 638 (1976). However, the old common law rule has been relaxed in modern times so that substance rather than form is now determinative of such questions.

■ The policy now followed in this and in most other jurisdictions is that before a variance will be held to be fatal it must be deemed to be material and prejudicial. A variance between an indictment and the proof in a criminal case is not material where the allegations and proof substantially correspond, the variance is not of a character which could have misled the defendant at trial and is not such as to deprive the accused of his right to be protected against another prosecution for the same offense. *Brown v. State,* 186 Tenn. 378, 389, 210 S.W.2d 670, 675 (1948); *State v. Morrow,* Tenn., 530 S.W.2d 60, 63 (1975); *Bolton v. State,* Tenn.Cr.App., 617 S.W.2d 909 (1981); *State v. Cox,* Tenn.Cr.App., 644 S.W.2d 692, 695–96 (1982); *Hamm v. Commonwealth,* 270 Ky. 574, 110 S.W.2d 305 (1937); *State v. Brasslett,* Me., 451 A.2d 890, 893 (1982); 41 Am.Jur.2d *Indictments and Informations* §§ 260, 262 (1968).

■ We approve the principles adopted by the Court in *United States v. Schoenhut,* 576 F.2d 1010 (3rd Cir.1978), which we paraphrase as follows: Unless substantial rights of the defendant are affected by a variance, he has suffered no harm, and a variance does not prejudice the defendant's substantial rights (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, and (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense; all other variances must be considered to be harmless error.

We have no hesitation in concluding, as did the trial judge in the instant case, that the substantial rights of the defendant here have not been affected by the variance between the allegations of the indictment and the proof respecting ownership of the stolen money. Clearly the indictment sufficiently informed the defendant of the charges against him in order that he could prepare a defense without being misled or surprised at trial and the variance here is not such as will present any danger that the defendant could be prosecuted a second time for the same offense. We hold that this discrepan-

cy is neither material nor prejudicial to the substantial rights of the defendant and, therefore, is harmless error, not a fatal variance between the indictment and proof. *See, Bolton v. State, supra; Hamm v. Commonwealth, supra; State v. Brasslett, supra.*

Accordingly, the judgment of the Court of Criminal Appeals is reversed and that of the trial court affirmed. Costs incurred upon appeal are taxed against the defendant-appellee and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.