**STATE of Tennessee, Appellee,**

v.

**Russell MARTIN, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

Oct. 29, 1987.

Permission to Appeal denied by
Supreme Court Feb. 1, 1988.

Vance L. Baker, Jr., Athens, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Kathy M. Principe, Asst. State Atty. Gen., Nashville, Robert M. Reeves, Asst. Dist. Atty. Gen., Madisonville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of burglary and petit larceny and sentenced to serve, concurrently, five years on the larceny and fifteen years on the burglary. He was found to be an aggravated and persistent offender.

The defendant says the trial judge made prejudicial remarks to the jury during voir dire, says there was a material variance

between the indictment and the proof, says the evidence is insufficient to support the verdict, and says the sentence is excessive.

The judgments are affirmed.

The state's proof, which is uncontradicted, shows that on May 11, 1986, the defendant and another man broke into a house in Monroe County and took therefrom two shotguns, a radio, and a knife. The defendant and the other man were subsequently arrested and had in their possession these chattels.

■ In the course of selecting a jury to try this case, the trial judge inquired if the prospective jurors would be able to render a verdict of guilty if the state proved guilt beyond a reasonable doubt and if they would be able to acquit the defendant if they found the proof did not show guilt beyond a reasonable doubt.

This was a proper inquiry by the court and gave rise to no error. However, the trial judge went beyond this statement and told the jurors he asked this question because a juror who had previously sat on cases told him he had declined to convict in one case where guilt was shown because he thought the punishment was too great, and that the same juror said he had voted to convict when he was not satisfied the state had carried their burden of proof.

We think it would have been better had the trial judge not made this explanation. However, it was only illustrative of the duties of jurors which the trial judge was conveying to them, and we see no prejudice arising from these remarks.

■ The matter of the alleged fatal variance between the proof and the indictment in this case is based upon the allegation in the indictment that one of the guns taken was a twelve gauge shotgun. The proof showed this weapon was a sixteen gauge shotgun.

The defendant relies upon *State v. Kirkland*, 696 S.W.2d 544 (Tenn.Cr.App.1985), in which we declined to reverse the trial court for refusing to allow an amendment on the morning of trial. The indictment alleged "one (1) 800 diesel line carburetor" had been stolen when the proof would have shown the chattel was an 800 dual line carburetor.

The state, on the other hand, relies upon the case of *State v. Moss*, 662 S.W.2d 590 (Tenn.1984), wherein the Supreme Court held there was no fatal variance when an indictment alleged money was stolen from a business operated as a partnership and the proof showed the business was a corporation.

In *Kirkland*, this Court applied the strict common law rule as to variance. In *Moss*, the Supreme Court declared that Tennessee would no longer follow the strict common law rule but would follow the "substantial variance rule" followed by most other jurisdictions and expressed in *United States v. Schoenhut*, 576 F.2d 1010 (3rd Cir.1978).

Under this rule, as set out in *Moss:*

. Unless substantial rights of the defendant are affected by a variance, he has suffered no harm, and a variance does not prejudice the defendant's substantial right (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, and (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense; all other variances must be considered to be harmless error.

662 S.W.2d at 592.

In this case, the indictment alleged that three chattels were taken on May 11, 1986, from an identified owner and that they were taken as a result of a breaking into the stated owner's house. All the proof was consistent with the allegations in the indictment except the evidence that one of the two guns taken was a sixteen gauge shotgun rather than a twelve gauge shotgun as alleged in the indictment.

Under the *Moss* rule we are satisfied this was harmless.

The record clearly shows the defendant was not prejudiced in his defense of this case by reason of this variance because of the allegation in the indictment of the other chattels taken and from whom and how they were taken. We foresee no substantial likelihood that the defendant could be successfully prosecuted again for the theft of a gun in this crime because it is clear a plea of former jeopardy could easily be shown from the records and proof in this case.

■ The defendant claims the evidence to convict is insufficient because it is primarily based upon the uncorroborated testimony of his co-defendant. This argument overlooks the facts that the owner of the property saw the defendant and the co-defendant on his property and that the defendant was arrested in the vehicle in which the stolen items were found. This was sufficient corroboration of the testimony of the co-defendant, and the evidence was sufficient for the jury to find guilt beyond a reasonable doubt.

■ The defendant in his initial attack on the sentences says the trial judge did not begin his consideration of the appropriate sentences at the minimum punishment for such crime. The defendant relies upon *State v. Moss*, 727 S.W.2d 229 (Tenn.1986).

*Moss* decided directly in point contrary to the defendant's assertion. The Supreme Court held there was no requirement that the trial court commence from the minimum number of years in fixing sentence.

■ The defendant further claims the trial judge did not properly consider any mitigating circumstances in fixing the punishment. The record shows there are no mitigating circumstances to consider. The defendant has an extended history of committing crimes and was on parole when he committed the offenses in this case.

We have reviewed this record on the sentences, de novo, and find the trial judge properly found the defendant to be an aggravated offender and persistent offender, and we adopt the sentences fixed by the trial judge.

DAUGHTREY and BIRCH, JJ., concur.