# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION



FILED

January 29, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9711-CC-00551 |
| Appellee, | ) |
| | ) Williamson County |
| V. | ) |
| | ) Honorable Henry Denmark Bell, Judge |
| | ) |
| **DONALD W. STEPHENS,** | ) (DUI, 5th Offense) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

John H. Henderson
District Public Defender

Eugene J. Honea
Assistant Public Defender
Twenty-first Judicial District
407-C Main Street
Franklin, TN 37065-0068

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

Joseph D. Baugh
District Attorney General

Lee Dryer
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED**

**L. T. LAFFERTY, Senior Judge**

# **O P I N I O N**

The appellant, Donald W. Stephens, appeals his conviction for driving under the influence. See Tenn. Code Ann. § 55-10-401. The sole issue for our review is whether the evidence at trial was sufficient for the jury to find guilt beyond a reasonable doubt. We find that it was and AFFIRM the judgment of the trial court.

Police Officers Brian Myatt and Chris Ivey noticed the appellant's truck parked in the edge of a parking lot next to Highway 96 in Fairview, Tennessee. The appellant was in the driver's seat, slumped over the steering wheel, and appeared to be unconscious. The engine of the truck was running, and the lights were on. After repeated attempts, the officers successfully roused the appellant to check his welfare. The appellant opened the door of his truck and stumbled from the vehicle. He was awkward and disorientated, and he smelled of alcohol. When questioned, he admitted to having consumed seven beers; however, Officer Ivey testified that he appeared to have had "much more." The officers administered two field sobriety tests, neither of which the appellant was able to perform properly. The appellant refused to submit to a third test and admitted that he was drunk. Based on the above circumstances, the officers arrested the appellant on suspicion of driving under the influence of alcohol in violation of Tenn. Code Ann. § 55-10-401.

At the time of his arrest, the appellant admitted that he had driven his truck from Dickson, Tennessee.[1] He said he became tired and pulled over to rest. At trial, however, the defense denied that the appellant had driven the truck. Rather, the appellant's girlfriend, Shirley Ann Wright, testified that she had driven the appellant to the parking lot. She said that the appellant had called her from a bar and asked her to pick him up because he was too drunk to drive. Ms. Wright testified that she started driving him home

---

[1]It should be noted, however, that the appellant also made other statements from which it is apparent that he was confused and unaware of what was happening. For example, although the officers did not stop the appellant or activate their emergency lights, the appellant asked the officers why they had stopped him and stated that he had pulled over as soon as he saw the blue lights.

but, because he became belligerent, she stopped in the parking lot where the officers found the truck and called her daughter to come and get her.

On cross-examination, the state asked Ms. Wright to sketch the specific location within the parking lot where she left the appellant and his truck. Ms. Wright also stated that the appellant had slid across the seat of his truck and was asleep behind the steering wheel when she left.

The appellant argues that this evidence was insufficient for the jury to have found the elements of the offense beyond a reasonable doubt. More specifically, he argues that the proof did not conform to the indictment. That is, he does not argue that the proof was insufficient as to the statutory elements of driving under the influence but, rather, that the proof was insufficient to prove the indictment, which varied from the statutory language.

The appellant was convicted under Tenn. Code Ann. § 55-10-401, which provides that "[i]t is unlawful for any person to drive **or** be in physical control of any . . . motor driven vehicle on any . . . premises which is generally frequented by the public at large, while . . . under the influence of any intoxicant." (emphasis added). In contrast, the indictment charged that the appellant "unlawfully did drive **and** physically control a motor vehicle . . . while on . . . premises which is frequented by the public at large, at a time when the said Defendant was . . . under the influence of an intoxicant, . . . in violation of Tennessee Code Annotated 55-10-401." (emphasis added).

Because the indictment used conjunctive language, the appellant asserts that the state was required to prove both physical control and that the appellant drove. He then argues that the evidence was insufficient for the jury to conclude beyond a reasonable doubt that he drove the truck. We do not agree on either point. We conclude that the variance in the indictment was neither material nor prejudicial; and, even if it were, the evidence was sufficient to prove the indictment as written.

We "approach attacks upon indictments . . . from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding." State v. Hill, 954 S.W.2d 725, 728 (Tenn. 1997). "A variance is not fatal unless it is both material and prejudicial. A variance is not material unless it either deprives the accused of the protection against double jeopardy or misleads the accused at trial." State v. Jones, 953 S.W.2d 695, 700 (Tenn. Crim. App. 1996) (citing State v. Moss, 662 S.W.2d 590, 592 (Tenn. 1984)).

> [A] variance . . . [does] not prejudice the defendant's rights if the indictment sufficiently informed the defendant of the charges against him so that he could properly prepare his defense and . . . the variance was not such that it would present a danger that the defendant could be prosecuted a second time for the same offense.

State v. Harper, 735 S.W.2d 360, 368 (Tenn. Crim. App. 1987) (citing Moss, 662 S.W.2d at 592).

In the present case, we find that the conjunctive wording of the indictment was neither material nor prejudicial. Even without reference to the applicable statute, the indictment was more than sufficient to inform the appellant of the charges against him. By additionally citing the statute that the appellant was accused of violating, the indictment left no reasonable question as to the charges that the appellant needed to defend. And, there is clearly no danger of double jeopardy.

Even giving effect to the conjunctive language of the indictment, however, we find that the evidence was sufficient for the jury to find guilt beyond a reasonable doubt. When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the

presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant bears the burden of illustrating to this Court why the evidence is insufficient to support the verdict. See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

The appellant does not contest that he was under the influence of alcohol or that he was in control of the vehicle. He was found behind the wheel with the engine running, and the defense's own witness testified that the appellant was too drunk to drive. The only point of contention is whether the appellant actually drove his truck on the evening of his arrest.

Officer Ivey testified that when he encountered the appellant, the truck was located "up next to the road in the parking lot." Ms. Wright later testified that she left the appellant's truck in a different area of the parking lot. If, as they were entitled to do, the jury credited the testimony of both witnesses, the inescapable conclusion is that the truck was moved. Given that the appellant was found in the driver's seat with the engine running, the only reasonable explanation for the movement of the truck is that the appellant drove it. Thus, we find the circumstantial evidence, by itself, compelling. See State v. Crawford, 470 S.W.2d 610, 612 (Tenn 1971) (Before one may be convicted of a criminal offense based upon circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt.").

But, the jury need not have relied on circumstantial evidence. The appellant admitted to the officers that he had driven the truck from Dickson, Tennessee. The officers' testimony indicated that the appellant was not coherent; his admission may, therefore, have been entitled to less weight, but we do not reweigh the evidence. The testimony was sufficient to go to the jury. It was then for the jury to determine, first, whether they believed the officers' account of the appellant's admission and, second, if so, whether that admission reflected a true fact.

-5-

For the reasons above, we find the totality of this evidence more than sufficient for a rational jury to have found each element of the offense beyond a reasonable doubt, including that the appellant drove his truck.

The judgment of the trial court is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JOE G. RILEY, JUDGE



_____(Not Participating)_____
PAUL G. SUMMERS, JUDGE