IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 9, 2007 Session

**STATE OF TENNESSEE v. JANICE BURNETTE**

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 05-01-0113     J. Weber McCraw, Judge**

---

**No. W2006-01203-CCA-R3-CD  - Filed June 1, 2007**

---

David G. Hayes, Judge, separate concurring.

I join with the majority in affirming the defendant's conviction of theft. I write separately because I conclude, as argued by the defendant, that a variance exists between the indictment and the proof presented at trial. The indictment charged the defendant with theft of "pseudoephedrine products," whereas the proof at trial established that the defendant had "been sliding merchandise to five people in the amount of $20.00 every other week" over a period of twenty-four weeks. I find the proof in the record fails to establish beyond a reasonable doubt, either directly or circumstantially, that the defendant stole "pseudoephedrine products." Nonetheless, before a variance will be deemed fatal to a prosecution, it must be both material and prejudicial. *State v. Moss*, 662 S.W.2d 590, 592 (Tenn. 1984). In determining whether a variance is fatal, our supreme court in *Moss* held:

> Unless substantial rights of the defendant are affected by a variance, he has suffered no harm, and a variance does not prejudice the defendant's substantial rights (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, and (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense; all other variances must be considered to be harmless error.

*Id*.

Because the defendant has failed to satisfy either prong of the test articulated by *Moss*, I conclude that the variance did not affect the results of the trial on the merits; thus, the error was harmless. *See* Tenn. R. Crim. P. 52(b).

DAVID G. HAYES, JUDGE