# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 19, 2008 Session

## STATE OF TENNESSEE v. TAFT ARKEY MURPHY

### Appeal from the Criminal Court for Davidson County
#### No. 2004-B-1260   Monte Watkins, Judge

---

### No. M2007-00403-CCA-R3-CD - October 27, 2008

---

The defendant, Taft Arkey Murphy, was convicted by a jury in the Criminal Court for Davidson County of possession with intent to sell three hundred or more grams of cocaine in a school zone, a Class A felony; possession with intent to sell twenty-six or more grams of cocaine in a school zone, a Class A felony; sale of twenty-six or more grams of cocaine in a school zone, a Class A felony; two counts of sale of twenty-six or more grams of cocaine, a Class B felony; and possession of a handgun by a felon, a Class E felony.  He was sentenced to eighteen years for each Class A felony, nine years for each Class B felony, and two years for the Class E felony, to be served concurrently.  The defendant appeals and contends: (1) that the evidence is insufficient to convict him of possessing a handgun as a felon, and (2) that he was improperly prejudiced by testimony that the defendant had a murder charge.  We affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Jay Norman, Nashville, Tennessee (on appeal), and Bill Collins, Nashville, Tennessee (at trial), for the appellant, Taft Arkey Murphy.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Shannon Poindexter and John Zimmerman, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The evidence showed that a confidential informant arranged four drug sales with the defendant.  The first three sales occurred on January 30, February 10, and February 19, 2004, under police surveillance.  The record reveals that on January 30, 2004, the defendant sold the confidential informant two ounces of crack cocaine for $1500.  The confidential informant again purchased two ounces of crack cocaine for $1500 from the defendant on February 10, 2004.  On February 19, 2004,

the confidential informant bought two ounces of crack cocaine from the defendant in a school zone for $1500. Following these three sales, the police obtained a search warrant for the defendant's home and an arrest warrant for the defendant. The fourth sale did not occur, as the police arrested the defendant upon his arrival. This occurred within 1000 feet of a school. When arrested, the defendant had bags of crack and powder cocaine, digital scales, and $187 secreted on him.

The state's confidential informant, Anthony Cruz, testified against the defendant regarding the drug charges. Cruz stated he had worked with the state to set up drug sales with the defendant. He acknowledged that he had a prior criminal record and that he had been on probation in both federal and state court when he violated his probation. He said he had admitted in court that he had violated his probation. He stated his attorney and state and federal prosecutors had negotiated an agreement that he would cooperate with both sets of authorities in exchange for being allowed to remain on probation. He explained why he identified the defendant as a drug dealer to the authorities and how he arranged the four drug sales with the defendant.

Metropolitan Nashville Police Detective Joe Simonik testified that officers obtained a search warrant and searched 2101 Porter Road, where the defendant lived with his mother in one of her homes. Detective Simonik said that he and other law enforcement officers had seen the defendant leave the house and return to it on prior occasions. He stated that while executing the search warrant, he had advised the defendant's mother of her rights and that she said the defendant was her son. He stated that she said only she and her son lived at the house. He said she identified the car parked behind the house as the defendant's. He stated the defendant's mother also told officers which room was her son's.

Detective Simonik stated that officers found hidden trash bags "stuff[ed]" with money in various denominations in a closet in the defendant's room. Detective Simonik stated that a .25 caliber handgun loaded with five bullets was found in the closet near these trash bags. He said that officers found two other handguns, a .44 caliber pistol and a .32 caliber revolver, hidden under the defendant's dresser in the defendant's room. Detective Simonik said the .44 pistol had been reported as stolen. Detective Simonik said officers moved the dresser to photograph the guns. Detective Simonik stated that three long-barreled guns were found in the living room area downstairs. He said one gun found in the mother's room had been reported as stolen, as well.

Detective Simonik testified that officers found clothing they considered to be in the defendant's sizes in the defendant's room. He said they also found some of the defendant's "paperwork," including a bank card, bank statements, and bills with the defendant's name on them. Detective Simonik stated that another document found in the defendant's room was a rent notice to the defendant from his mother.

Detective Simonik testified the defendant's mother told the officers that the guns in the defendant's room were not hers. He said that officers had arrested the defendant and transported him to 2101 Porter Road. The detective said the defendant was there during the time of the search. He said the defendant's mother was able to see that the defendant was in the house.

The charge of unlawful possession of a handgun by a convicted felon was submitted to the jury as a bifurcated proceeding. The jury determined whether the defendant knowingly or recklessly possessed a handgun at 2101 Porter Road and whether he was a convicted felon knowingly or recklessly in possession of a handgun. The record includes each of the two indictments for count three. After finding that the defendant possessed a handgun, the jury then heard the testimony of Lisa Odle, the docket clerk for the Nashville Criminal Court, Division Five. She stated that the name, gender, race, date of birth, and social security number of the defendant matched those in a November 13, 1997 judgment convicting the defendant of voluntary manslaughter, a felony.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends insufficient evidence exists to support the jury's finding that he physically or constructively possessed a handgun. He does not argue that his voluntary manslaughter conviction is not a felony involving the use or attempted use of force, violence, or a deadly weapon. Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we may not reweigh the evidence, but must presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The conviction the defendant challenges, possession of a handgun by a felon, is defined as possession of a handgun by a person convicted of a felony that involved the use or attempted use of force, violence, or a deadly weapon. T.C.A. § 39-17-1307(b)(1)(A) (2003); State v. Black, 924 S.W.2d 912, 915 (Tenn. Crim. App. 1995). Tennessee courts recognize that possession may be either actual or constructive. State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2001). Constructive possession occurs when a person knowingly has "'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'" State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Craig, 522 F.2d 29, 32 (6th Cir. 1975)). Whether a defendant is in possession of one or more handguns found in the defendant's home is a question of fact for the jury to determine. State v. Warr, 604 S.W.2d 66, 68 (Tenn. Crim. App. 1980).

The evidence establishes that the appellant constructively possessed several handguns. Three handguns were found in a closet and underneath a dresser in the defendant's room. Detective Simonik testified that the defendant's mother asserted the room was the defendant's. Mail and other documents, including a rent notice from the defendant's mother, addressed to or bearing the defendant's name were found in this room. No evidence suggests that anyone other than the defendant and the defendant's mother had access to the room. Detective Simonik stated the defendant's mother said the guns and money were not hers. We conclude that a rational trier of fact could find that the three guns found in the defendant's room at 2101 Porter Road were the defendant's guns.

After hearing the testimony of the court docket clerk, a rational trier of fact could also have found beyond a reasonable doubt that the defendant had been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon. The evidence is sufficient to convict the defendant of possession of a handgun by a felon.

In his claim of insufficient evidence for a conviction, the defendant also argues that no evidence was presented at the trial showing the defendant possessed a handgun on the date alleged in the indictment. In the forty-six count indictment against multiple defendants, count six against the defendant stated that

> [the grand jurors] of Davidson County, Tennessee, duly impaneled and sworn, upon their oath, present that: Taft Arkey Murphy on the 27th day of February, 2004, in Davidson County, Tennessee and before the finding of this indictment, and having been convicted of a felony involving the use of force, to wit: voluntary manslaughter, Case No. 96-B-945, on November 13, 1997, did knowingly or recklessly possess a handgun at 2101 Porter Road, in violation of T.C.A. §39-17-1307, and against the peace and dignity of the State of Tennessee.

For trial, the counts against the defendant were renumbered to reflect six sequential counts one through six. Possession of a handgun by a felon was renumbered as bifurcated count three. The first stage of the proceeding used an indictment specifying the date "the 2th day of February, 2004," while the second stage's charging document lists the date "the 27th day of February, 2004."

The defendant contends that the state has offered no proof showing the defendant possessed a gun on the "2th day of February, 2004." The defendant claims there is a fatal variance between the date listed on the indictment and the proof at trial. The state counters that the discrepancy in the dates is first a clerical error, which the defendant acknowledged in his brief. It also claims that the discovery revealed the date in question to be February 27, 2004, such that the defendant knew before trial of the charges against him and when they had allegedly occurred.

A variance between information in the indictment and the evidence presented at trial is fatal in Tennessee only if the variance is "material" and "prejudicial" to the defendant. State v. Moss, 662 S.W.2d 590, 592 (Tenn. 1984). "Material" means that an essential element of the charge is lacking, such that the allegations and proof do not correspond substantially. See id. "Prejudicial" means a substantial right has been affected: either the defendant was misled at trial and could not prepare a defense or is exposed to a risk of double jeopardy. Id. As our supreme court stated, a variance is not material or prejudicial when "the allegations and proof substantially correspond, the variance is not of a character which could have misled the defendant at trial and is not such as to deprive the accused of his right to be protected against another prosecution for the same offense." Id.

The time or date of the offense alleged does not need to be stated in the charging document unless the time of the offense is an essential element of the offense. T.C.A. § 40-13-207. In contrast, when the date is not an essential element of the offense, then the date is immaterial and can be omitted from the indictment. State v. Shaw, 82 S.W. 480, 480 (Tenn. 1904); State v. West, 737 S.W.2d 790, 792 (Tenn. Crim. App. 1987). If the date is immaterial, then proof of the offense is not limited to events occurring on the date listed on the indictment. West, 737 S.W.2d at 792 (quoting Prince v. State, 529 S.W.2d 729, 733 (Tenn. Crim. App. 1975)).

In the present case, the defendant has not met his burden to show the variance was material and prejudicial. First, time is not an essential element of the offense of which he was convicted. See T.C.A. § 39-17-1307. As time is immaterial to the offense, then the proof was not limited to the day of February "2th," as the defendant claims. The state showed that the defendant was in possession of a weapon on February 27, 2004. To show the sufficiency of the charging instrument, the state presented evidence that Detective Kajihara arrested the defendant on February 27, 2004, and took him to 2101 Porter Road during the search that same day.

Second, the defendant had notice of the charge and was able to prepare his defense. He was not misled or surprised at trial when events centered on February 27, 2004, the date of his arrest and the search of his home. The proof at trial and the date on the forty-six-count indictment match. The renumbering of the indictment occurred before trial, and the defendant had knowledge of the longer indictment and the date alleged for possession of a handgun by a felon. The defendant is not entitled to relief regarding his claim of variance.

## II. CLAIM OF UNDUE PREJUDICE FROM TESTIMONY OF CONFIDENTIAL INFORMANT

The defendant contends that the confidential informant's testimony improperly prejudiced him. On cross-examination, defense counsel asked the confidential informant how the police knew about the defendant. The witness testified:

> They didn't know who he was when I had first brought him to them, but he had a murder charge. So, once they found out who he was and followed him a little bit, they knew about his murder charge. And, then, they knew who he was. They had no idea that he dealt drugs.

After he mentioned the defendant's "murder charge," defense counsel did not object, move to strike, request a limiting instruction, or move for a mistrial. Instead, counsel continued to ask how the police knew the defendant. In the defendant's motion for new trial, however, counsel claimed the defendant was "unduly prejudiced" by Cruz's mentioning of the defendant's murder charge.

The defendant contends that introduction of this testimony was improper under Tennessee Rules of Evidence 609 and 404(b) and that this testimony must be attributed to the state, as the

witness was testifying as a confidential informant for the state. The state counters: (1) the defendant did not object to the testimony at trial and has waived the issue; and (2) neither Rule 609 nor 404(b) apply.

As noted, the defendant did not object to the witness's statement or move to strike the testimony. Thus, the defendant has waived this issue by not objecting contemporaneously. See Tenn. R. Evid. 103(a)(1); State v. Smith, 24 S.W.3d 274, 279 (Tenn. 2000); see also T.R.A.P. 36(a) (stating that a court is not required to grant relief to a party who did not take "reasonably available" curative action).

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE