# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 1998 SESSION

FILED

April 7, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9705-CR-00185 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. THOMAS H. SHRIVER, |
| ABDUL M. ODOM, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Assault) |

**FOR THE APPELLANT:**

**DAVID I. KOMISAR**
211 Printers Alley Building
Suite 400
Nashville, TN 37201-1414

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**JANIS L. TURNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**PAMELA S. ANDERSON**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

**OPINION FILED: _____**

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant appeals his conviction by a Davidson County jury of the offense of aggravated assault. He raises two (2) issues for our review; namely, (1) whether there was a variance between the indictment and the proof sufficient to merit a judgment of acquittal, and (2) whether the trial court erred in sentencing the defendant by using inapplicable enhancement factors. The judgment of the trial court is affirmed.

**I.**

The Metro Police Department for Davidson County applied for and received a search warrant for the residence of Janice E. Bradford. Officer Ernest Cecil was among the officers who executed the warrant. Once inside the apartment, Officer Cecil proceeded to a bedroom where he observed the defendant attempting to exit through a window. When the defendant saw Officer Cecil enter the bedroom, he turned and pointed a pistol toward the officer. Officer Cecil then raised his pistol and aimed it at the defendant. Before either man fired, a juvenile girl either jumped or was pulled between them. The defendant threw his pistol down, charged the officer, and, after a struggle, was apprehended by Cecil with the help of other officers. Defendant's pistol was loaded with one live round in the chamber and a full magazine clip.

The defendant was convicted by a jury of aggravated assault, possessing a deadly weapon, and resisting arrest. The trial court sentenced the defendant as a Range I offender to concurrent terms of four (4) years for aggravated assault, thirty (30) days for the weapons charge, and six (6) months for resisting arrest. The defendant appeals only his conviction and sentence for aggravated assault.

2

## II.

The defendant contends the trial court erred in not granting his motion for judgment of acquittal. He avers the evidence presented at trial was that he "displayed" the weapon, while the indictment alleged he "used" it. The defendant argues the ordinary meaning of the word "used" led him to believe the state was charging him with firing the weapon, or striking Officer Cecil with the weapon. The effect of this variance, according to the defendant, is fatal.

Firstly, we find no variance. The defendant <u>pointed</u> the loaded weapon toward the officer causing him to fear imminent bodily injury. Thus, the defendant "used" the deadly weapon within the meaning of the statute. Tenn. Code Ann. § 39-13-102 (1)(B).

Secondly, even if there was a variance, it was not fatal. In order for a variance between the indictment and the proof to be fatal, the variance must be both material and prejudicial to the defendant. <u>State v. Mayes</u>, 854 S.W.2d 638, 640-41 (Tenn. 1993); <u>State v. Moss</u>, 662 S.W.2d 590, 592 (Tenn. 1984). A variance is not material "where the allegations and proof substantially correspond, the variance is not of a character which could have misled the defendant at trial and is not such as to deprive the accused of his right to be protected against another prosecution for the same offense." <u>State v. Moss</u>, 662 S.W.2d at 592. The defendant has failed to demonstrate that the variance between the indictment and the proof was material.

## III.

The defendant contends the trial court erred by improperly applying enhancement factors in his sentencing. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles

3

and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The trial court found the defendant "possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense"; and "had no hesitation about committing a crime when the risk to human life was high." Tenn. Code Ann. §§ 40-35-114 (9), (10). The defendant alleges these factors are essential elements of aggravated assault by use of a deadly weapon and may not be used for enhancement purposes. Any fact necessary to prove an essential element of an offense may not be used to enhance the sentence for that offense. *See* Tenn. Code Ann. § 40-35-114; State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994). The defendant's use of a weapon is an element of the offense charged; therefore, this factor was misapplied.

The defendant also contends that the risk to human life is high any time an aggravated assault with a weapon occurs; therefore, this factor was misapplied as well. The use of this enhancement factor is proper when persons other than the victim are placed in danger by the actions of the defendant. State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). The juvenile girl could easily have been shot as she was between the officer and the defendant when the defendant pointed the loaded weapon. This enhancement factor was properly applied.

Additionally, although not relied upon by the trial court, we find Tenn. Code Ann. § 39-13-102 (d) applicable as the assault was committed against a police officer. This may be considered as an enhancement factor.

Considering the proper enhancement factors, we find the four (4) year sentence, one (1) year above the minimum, to be appropriate.

4

Finding no reversible error, the judgment of the trial court is AFFIRMED.

_____

**JOE G. RILEY, JUDGE**

**CONCUR:**

_____

**JOSEPH M. TIPTON, JUDGE**

_____

**DAVID H. WELLES, JUDGE**