Caruthers, J.,
delivered the opinion of the court.
At the March Term, 1852, of the Franklin circuit court, an indictment was found by the grand jury,1 against Amos Ladd,' for unlawful and malicious shooting. The charge in the indictment is in these words:
“ On the eleventh day of February, in the year of our Lord, eighteen hundred and fifty-two, with force and arms, in the county aforesaid, did, then and there, unlawfully, maliciously and feloniously, shoot one Andrew J. Gossage, of said county, to the great damage,” &c.
To this indictment the defendant pleaded “ not guilty,” and was tried, convicted, and sentenced to two years’ *227 confinement in the -Penitentiary. Defendant moved for a new trial, which was overruled, and then in arrest of judgment, which was sustained, and appeal to this court by Attorney General.
The only ground upon which the motion to arrest the judgment is made, is that the indictment does not give a sufficient description of the offence charged; or, in other words, does not set forth all the circumstances constituting the essential ingredients of the crime. It is true, that the indictment is bad unless it sets forth all the elements necessary to make out the offence, and if any fact or circumstance which is a necessary ingredient in the offence, be omitted in "the indictment, it is vitiated. . Arch. Or. Pl., 42. The illustrations of the principle given by the author, are of this character. An officer was assaulted in the execution of process, without showing he was an officer of the court, from which the process issued. 5 East, 304; 8 B. & C., 114. An indictment for speaking disrespectful words to a magistrate, did not show that he was engaged in the execution of his duties at the time. And against a public officer, for non-performance of his duty, without showing he was such an officer as was bound by law to perform that duty; 5 Tenn. Rep., 623. In all such cases the indictment is bad, and the advantage may be taken by demurrer, motion in arrest, or writ of error. 4 B. & C., 461; 1 B. & Adoh, 841. Such facts and circumstances must not only be stated, but it must be done with certainty and precision, so that the defendant may be able to determine whether they constitute an indictable offence; Arch. Or. PL, 42. This statement need not be what is called “a certainty, to a certain intent in every particular, as in pleas of estop- *228 pel,” &c., but with a certainty to a certain intent in general, will be sufficient. Zb., 43.
But in the case before us, what are the essential ingredients of the offence? The statutory description is in these words: “ No person shall maliciously shoot or stab another.” Act, 1829, ch. 23, § 55; Car. & Nich., 325. If the act had said, “ with a gun, or pistol,” or with powder and ball, the weapon would have been made an essential ingredient in the offence, and it would be necessary that the indictment should describe the kind of weapon, &c. If the act had confined the offence to a shooting in a public place, or an officer in the discharge of his duty, &c., these facts would have constituted necessary elements of the offence, and they would necessarily have to be set forth in the indictment with sufficient certainty. But in this act, no such concomitant, or additional circumstances, or ingredients, are required by the statute. All that the act requires to make the offence complete is the shooting another, “ unlawfully or maliciously.” The indictment in this case, fills the description of the offence, and adds the word, “felo-niously.” It is admitted that the forms generally give a more special description, by setting forth the weapon, its contents, the hand it was held in, &c. But this is mere form, and only necessary to make the indictment more artificial. It might be better to adhere to the old forms, but we cannot say it is essential.
It is a general rule, that where an offence is created, or where it is defined, and its punishments enlarged by statute, that an indictment, setting forth the crime in the words of the statute, is sufficient, and indeed, the safest and preferable mode of description. Arch-bold says, at page 52: “it is better to pursue strictly *229 the words of the statute.” It is true, that if the statute does not set forth all the ingredients of the offence, or enough to constitute the crime, the indictment must add them. But that is not this case. Here the description of the crime is complete in every essential particular. Of what advantage to the defendant, would it be to name and describe the weapon with which he is shot or stabbed ?
It is every where decided, even in cases of murder, that the kind of instrument charged need not be proved, but that proof of any other instrument of the same class will sustain the indictment; Arch. Cr. Pl., 136. If the act is charged to have been done with a pistol it will do to prove that it was with a gun or cannon; or if the charge of killing be with a pen-knife, it will be sustained by proof that it was with a butcher-knife, or bowie-knife, &c. Then the kind of weapon, is not needful for notice to defendant, because, in the cases I have put, he would not only not be aided in making out his defence, but would be actually misled by the indictment. The author to which we have referred, 136, says, “there is a particularity required in an indictment for murder, that it would be ridiculous to account for and justify.” And we might add, as to the effect of this particularity, except so far as it is necessary for the ends of proper defence, by a substantial description of the essentials of the crime imputed, it only tends to facilitate the escape of offenders from the just punishment of their crimes, and should not be favored. In times past, the adherence to strict and unnecessary technicalities to rescue criminals, has been a reproach to the administration of justice, brought the law into contempt, and encouraged crime. Shall we go any further, then, in shielding offenders, when they have, as in this case, upon a fair trial, been pronounced *230 guilty by a jury, by opening another avenue to them for escape, upon what must be regarded as a technicality ? We are unwilling totolo so, without some positive rule of law constraining us.
We have examined carefully, all the cases to which we have been referred, and such other authorities as we have been able to procure, and are of the opinion that none of them conflicts with this opinion, when they are ■correctly understood.
We therefore reverse the judgment of the court below, arresting the judgment, aiid proceeding to pronounce the judgment the circuit court should have given, on the finding of the jury, order and adjudge that the defendant be confined in the common jail and Penitentiary of this State, for the period of two years, that being the period fixed by the jury .in their verdict.