**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**Assigned on Briefs June 17, 2003**

**JOE CLARK MITCHELL v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 12823     Robert L. Jones, Judge**

---

**No. M2002-03011-CCA-R3-CO - Filed September 30, 2003**

---

Petitioner filed a petition for writ of habeas corpus alleging that the indictments against him were fatally defective and that this Court's reduction of one of his convictions for aggravated rape to rape violated the constitutional prohibition against double jeopardy. The trial court dismissed the petition without an evidentiary hearing. Following a review of the record in this matter, we affirm the order of the trial court's dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Joe Clark Mitchell, Clifton, Tennessee, *pro se*, for the petitioner, Joe Clark Mitchell.

Paul G. Summers, Attorney General and Reporter; Christine Lapps, Assistant Attorney General; and T. Michael Bottoms, District Attorney General; for the appellee, State of Tennessee.

**Opinion**

In 1986, Petitioner was convicted of two counts of aggravated assault, two counts of armed robbery, two counts of aggravated kidnapping, one count of arson, one count of first degree burglary and two counts of aggravated rape. All of Petitioner's convictions arose out of one criminal spree in which he terrorized two women for a number of hours. *State v. Joe Clark Mitchell*, No. 87-152-III, 1988 WL 32362, *1 (Tenn. Crim. App., Nashville, April 7, 1988), *perm. to appeal denied* (Tenn. 1988). The trial judged ordered Petitioner's four life sentences for both counts of aggravated kidnapping and both counts of aggravated rape to run consecutively and all other sentences to run concurrently with the four life sentences.

1

On appeal, this Court summarized the facts leading up to Petitioner's convictions as follows:

> One of the victims testified that as she was leaving her friend's house, a man started towards her across the lawn. He hit her several times with a large stick, and he was armed with a gun and a hunting knife. He forced both women into the house, and used duct tape to tape their ankles, arms, mouths, and eyes. He stole their jewelry and ransacked the house. He used a knife to cut the clothes off the testifying witness and raped her. Then he set fire to the house. He carried both women to a car, drove around for several hours, stopping at one point to rape the witness one more time. He eventually abandoned the car and the women, and they were able to free themselves and walk for help.

*Mitchell*, 1988 WL 32362, at *1.

Following our review, this Court affirmed the trial court's judgments as to all counts except for Petitioner's conviction for aggravated rape under count two of indictment No. M2322. *Id.* We concluded that the evidence was insufficient to show that the second rape in the victim's car was accomplished with the use of either Petitioner's gun or his hunting knife. *Id.* However, the evidence was sufficient to sustain Petitioner's conviction for simple rape as a lesser included offense of aggravated rape. *Id.* Accordingly, this Court reduced Petitioner's conviction for count two of indictment No. M2322 to rape and sentenced Petitioner as a Range II multiple offender to thirteen years imprisonment. *Id..* We ordered Petitioner's sentence for rape to be served consecutive to Petitioner's remaining three life sentences. *Id.*

In his petition for writ of habeas corpus, Petitioner first alleged that his indictments for the offenses of armed robbery, aggravated kidnapping and aggravated rape were fatally defective in that each indictment failed to set forth the material elements of the underlying offense. Specifically, Petitioner argues that each indictment alleged that a deadly weapon, "to wit: a knife", was used to accomplish the crimes when the proof at trial showed that Petitioner used a handgun, or pistol, during the commission of the offenses. Because of this variance, Petitioner contends that he was unable to prepare a defense against the charged offenses.

Petitioner also asserted in his petition that this Court's reduction of the second rape offense from aggravated rape to simple rape violated the constitutional prohibition against double jeopardy. Petitioner argues that by convicting Petitioner of the greater charge, the jury acquitted him of all lesser-included offenses of aggravated rape. Petitioner submits that when this Court found him innocent of aggravated rape on appeal, we lacked jurisdiction to reduce his sentence to simple rape.

In its response to Petitioner's petition, the State argued that Petitioner had failed to show that the indictments were facially void. Although the indictments listed only the use of a knife during the commission of the offenses, the proof at trial clearly showed that Petitioner was armed with both a knife and a gun. Because Petitioner had not stated a claim for which relief could be granted, the State moved the trial court to dismiss the petition. Following its review, the trial court granted the

2

State's motion and dismissed Petitioner's petition for writ of habeas corpus.

We note at the outset that the grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *see also* Tenn. Code Ann. § 39-21-101. In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93.

The determination of whether to grant habeas corpus relief is a question of law. *Id*. at 92. Accordingly, this Court reviews the trial court's findings *de novo* without a presumption of correctness. *Id.; Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). The petitioner has the burden of showing that the judgment is void by a preponderance of the evidence. *Wyatt*, 24 S.W.3d at 322.

Because a valid indictment is an essential jurisdictional element of a prosecution, "an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition. *Wyatt*, 24 S.W.3d at 323 (citations omitted). Petitioner relies on the supreme court's holding in *State v. Ladd*, 32 Tenn. (2 Swan) 226 (1852) to support his argument that a designation of a specific weapon in the indictment renders the indictment fatally defective if the proof at trial shows that an entirely different type of weapon was used to commit the crime. A better illustration of Petitioner's argument, perhaps, may be found in *State v. Brooks*, 462 S.W.2d 491 (Tenn. 1970). The indictment at issue in *Brooks* referenced the use of a pistol during the robbery, but the evidence at trial showed that the defendant actually used a .22 caliber rifle. In determining that this variance rendered the indictment defective, the court espoused the common law rule requiring strict conformity between each allegation in the indictment and the proof at trial. *Id*. at 494.

Since that time, however, "the old common law rule has been relaxed . . . so that substance rather than form is now determinative of such questions." *State v. Moss*, 662 S.W.2d 590, 592 (Tenn. 1984). Before a variance between the indictment and the proof will be considered fatal, such variance must be both material and prejudicial. *Id.* An indictment will generally be valid "if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted).

The form of the indictment is also governed by statute. As in effect at the time of Petitioner's offenses, "[t]he indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended . . . ." Tenn. Code Ann. § 40-13-302 (1982 Supp.).

3

The indictments against Petitioner tracked the statutory language of the offenses of armed robbery, aggravated kidnapping and aggravated robbery in effect at the time of the crimes. *See* Tenn. Code Ann. §§ 39-2-501(a); –301(a)(2)(D); and -603(a)(1) (Supp. 1982). It was sufficient to state the offense charged in the words of the statute or the equivalent of the statutory words. *State v. Tate*, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). Although the indictments alleged that Petitioner committed each of the offenses with a knife, one of the victims testified at trial that Petitioner approached her carrying a big stick in his right hand, a gun in his left hand, and a knife encased in a holster on his side. Petitioner does not deny that he carried a hunting knife. Instead, he argues that the gun was the primary weapon used to intimidate the victims and accomplish the offenses. We find Petitioner's arguments to be without merit.

We conclude that the indictments provided adequate notice to Petitioner that he was being charged with armed robbery, aggravated kidnapping and aggravated rape. Furthermore, contrary to his allegation that he was unable to prepare a defense, Petitioner successfully defended himself against one count of aggravated rape when the State's evidence proved insufficient to sustain a finding that either the gun or the knife was used during the second rape in the victim's car. Any alleged variance between the wording of the indictment and the proof at trial was not fatal. Petitioner is not entitled to relief on this issue.

As for Petitioner's claim that this Court's reduction of his sentence for aggravated rape to simple rape violated the constitutional prohibition against double jeopardy, such claim, if true, would render Petitioner's conviction for rape voidable rather than void. *Ralph Phillip Claypole, Jr. v. State*, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App., Nashville, May 16, 2001); *William A. Ransom v. State*, NO. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., Nashville, Sept. 20, 1995), *perm. to appeal denied* (Tenn. Feb. 5, 1996). A judgment which is merely voidable rather than void is subject to attack only through the post-conviction process, not through the habeas corpus procedures. *Taylor*, 995 S.W.2d at 83.


**CONCLUSION**

Based upon our review, we affirm the trial court's dismissal of Petitioner's petition for writ of habeas corpus.


_____
JERRY L. SMITH, JUDGE